```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

                                     :
JEANETTE BARBUSIN,                   :
                                     :
     Plaintiff,                      :
                                     :
V.                                   :   CASE NO. 3:05-CV-1171 (RNC)
                                     :
                                     :
EASTERN CONNECTICUT STATE            :
UNIVERSITY, GILBERT MIRANDA,         :
                                     :
     Defendants.                     :
```

<u>RULING AND ORDER</u>

Plaintiff Jeanette Barbusin brings this action against her former employer and supervisor under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1983; and Connecticut common law.  She alleges that her former supervisor sexually harassed her, creating a hostile work environment and forcing her to resign.  The individual defendant, Gilbert Miranda, has filed a counterclaim alleging defamation and intentional infliction of emotional distress.  Barbusin has moved to dismiss the counterclaim.  For the reasons that follow, the motion is denied.

I.   <u>Facts</u>

The counterclaim alleges the following facts, which are assumed to be true for purposes of this ruling.  At all times relevant to the counterclaim, Barbusin was employed as a police

1

officer in the Eastern Connecticut State University Police Department.  (Countercl. ¶ 2.)  Miranda was her supervisor. (Countercl. ¶ 3.)  Barbusin often complained about her personal life in the workplace, making other employees uncomfortable. (Countercl. ¶ 3.)  Other employees found her hostile. (Countercl. ¶ 3.)  Miranda counseled Barbusin about her attitude. (Countercl. ¶ 4.)

After the counseling, Barbusin began making false accusations, orally and in writing, that Miranda was sexually harassing her.[1]  (Countercl. ¶ 5.)  She also falsely accused him of sexually harassing another female employee.  (Countercl. ¶ 6.) As a result of these false accusations, Miranda's employment was terminated.  (Countercl. ¶ 7.)

II.  Discussion

Miranda contends that the motion to dismiss is untimely because it was filed together with a responsive pleading. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim must be made before a responsive pleading.  A motion to dismiss for failure to state a claim filed after the pleadings have closed should be construed as a motion for judgment on the pleadings under Rule 12(c)).

---

[1] Barbusin alleges in the complaint that Miranda sexually harassed her by making sexual comments, touching her, and, on one occasion, trying to kiss her.  (Am. Compl. ¶¶ 12-18.)  She reported his conduct to the Police Chief in July 2003.  (Am. Compl. ¶ 20.)

Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); see also Fed. R. Civ. P. 12(h) (defense of failure to state a claim may be made in a motion for judgment on the pleadings, even if not pleaded as a defense in the responsive pleading or by motion to dismiss).  The standard for granting a Rule 12(c)) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.  Patel, 259 F.3d at 126.  "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  Id.

Turning to the substance of the motion, Barbusin first contends that Miranda has failed to plead defamation with the requisite level of specificity.[2]  Federal law, not Connecticut law, governs pleading in diversity cases.  Kelly v. Schmidberger, 806 F.2d 44, 46 (2d Cir. 1986).  In defamation cases, the liberal pleading standard of Rule 8 of the Federal Rules of Civil Procedure is satisfied if the complaint provides sufficient notice of the communications complained of to enable the defendant to prepare a defense.  Id.; Kloth v. Citibank (S.D.), N.A., 33 F. Supp. 2d 115, 121 (D. Conn. 1998).  The plaintiff need not allege the exact words of the statements at issue.  Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 271 (2d Cir.

---

[2] The Magistrate Judge denied Barbusin's motion for more definite statement because she filed it together with her answer. (See Doc. #30.)

1999).

Judged in light of these principles, the allegations of the counterclaim are sufficient. The counterclaim alleges the substance of the communications – that Miranda was sexually harassing Barbusin and another employee – and the context in which the communications were published to others. Nothing more is required under Rule 8. Accordingly, Barbusin's motion to dismiss for failure to plead with specificity is denied.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege that (1) the defendant intended to inflict emotional distress or knew or should have known emotional distress was a likely result of her conduct; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was severe. Petyan v. Ellis, 200 Conn. 243, 253 (1986). Conduct is extreme and outrageous in this sense if it "exceed[s] *all bounds* usually tolerated by decent society." Id. at 254 n.5 (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 12, at 60 (5th ed. 1984)). In other words, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Appleton v. Bd. of Educ., 254 Conn. 205, 211 (2000) (quoting

4

Restatement (Second) of Torts § 46 cmt. d (1965)).

Barbusin argues that the conduct alleged by Miranda is not extreme and outrageous as a matter of law because it is based solely on the allegations of defamation.  However, the Connecticut Supreme Court has suggested that intentional infliction of emotional distress claims can be based on defamatory publications.  See DeLaurentis v. City of New Haven, 220 Conn. 225, 267 n.25 (1991) ("If the 'conduct' underlying the claim of intentional infliction of emotional distress is a defamatory publication concerning a public figure, the plaintiff must also prove that the defendant acted with the standard of malice applicable to defamation actions . . . ."); see also Crocco v. Advance Stores Co., No. 3:04CV1608 (JCH), 2006 WL 680564, at *15-16 (D. Conn. Mar. 16, 2006) (making false reports to the police might sustain a claim of intentional infliction of emotional distress).  Crediting Miranda's allegations, a jury could find that Barbusin publicly accused him of sexual harassment knowing such accusations to be completely false.  Given the severity of these accusations and the possibility that Miranda's community and employer would shun him as a sexual harasser, I cannot say that no reasonable jury would find this conduct extreme and outrageous.  Accordingly, the motion must be denied.

III. Conclusion

For the foregoing reasons, Barbusin's motion to dismiss the counterclaim [Doc. #20] is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 10th day of May, 2006.


                                        _____/s/_____
                                             Robert N. Chatigny
                                    United States District Judge